# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HENNION & WALSH, Inc. | )<br>)<br>) Civil Action No. _____ (      ) |
| Plaintiff, | )<br>) |
| v. | ) ***COMPLAINT*** <br>) |
| ASTON ASSET MANAGEMENT, LLC<br>and SMART PORTFOLIOS, LLC,<br>collectively and individually, | )<br>)<br>)<br>) |
| Defendant(s). | )<br>) |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff, Hennion & Walsh, Inc. ("Plaintiff" or "Hennion") averring upon knowledge as to themselves and their own acts, and upon knowledge, information and belief as to all other matters, allege as follows:

**JURISDICTION**

1.     This is an action arising under Sections 32, 43(a), and 43(c) of the Lanham Act, 15 U.S.C.§§ 1051 et seq. and common law.

2.     The amount in controversy exceeds $75,000, involves citizens of different states and involves questions of federal law.

3.     This Court has jurisdiction under 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1332, 1338 and 1367.

**VENUE**

4.     Venue is proper under 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and the Defendants are subject to personal jurisdiction in this district.

**PARTIES**

5. Plaintiff brings this civil action for preliminary and permanent injunctive relief, damages and attorneys fees against the defendants Aston Asset Management, LLC and Smart Portfolios, LLC (collectively "Defendants").

6. Plaintiff, Hennion & Walsh, Inc. is a New Jersey corporation with its principal place of business at 2001 Route 46, Waterview Plaza, Parsippany, New Jersey, 07054.

7. Defendant Aston Asset Management, LLC is an Illinois limited liability company with a principal place of business at 120 North LaSalle Street, 25th Floor, Chicago, Illinois 60602, who, upon information and belief does business throughout the United States.

8. Defendant Smart Portfolios, LLC is a Washington limited liability company with a principal place of business at 17865 Ballinger Way NE, Seattle, Washington 98155, who, upon information and belief does business throughout the United States.

9. Plaintiff, through significant effort and expense, has developed an investment products and services business and maintains a local and national presence.  Plaintiff is one of the nation's premier providers of investment services. Additionally, Plaintiff provides individualized financial advocacy and has helped thousands of individuals grow and protect their investments.  Through these efforts, Plaintiff has become one of the nation's leading independent specialists in municipal bonds and offers a full suite of equity and fixed-income products and services.

10. Plaintiff's reputation for honesty and fair dealing is its' hall mark and its' stock in trade.  Plaintiff believes it is both their responsibility and their privilege to help clients prepare for a secure financial future. Plaintiff is constantly building and strengthening long-term client relationships through integrity, trustworthiness, and personal service.  Plaintiff's clients have come to trust and rely on Plaintiff and in particular its SMARTGROWTH®, SMART TRUST® and 10K SMARTTRUST® family of investment services and funds.

11. Specifically, Hennion offers its customers SMARTGROWTH® brand of financial investment services and relevantly here, SMARTGROWTH® brand exchange traded funds ("ETF"), namely, SMARTGROWTH® Lipper Optimal Conservative Index Fund, SMARTGROWTH® Lipper Optimal Moderate Index Fund, and SMARTGROWTH® Lipper Optimal Growth Index Fund, which Hennion has offered since at least as early as June 12, 2007,

but with constructive rights commencing on February 16, 2007.  ETF's, generally, are investment vehicles traded on stock exchanges, much like stocks that seek to track the performance of an index by holding all or a representative sampling of the securities of that index).

12.     Hennion also offers SMART TRUST® brand financial services, and relevantly here, a SMART TRUST® brand unit investment trust, which Hennion has offered since at least as early as September 2003, but with constructive rights commencing on May 12, 2003.

13.     Hennion also offers 10K SMART TRUST® brand investment fund services, which Hennion or its predecessor began offering services in connection with on October 31, 2000, but with constructive rights commencing on October 28, 1999.

14.     Hennion's Smart brand funds are collectively referred to as "Hennion SMART funds."

15.     Consistent therewith, Plaintiff is the proprietor of the mark 10K SMARTTRUST®, U.S. Registration No. 2,518,390, registered in the United States Patent and Trademark Office ("PTO") on December 11, 2001 in connection with "investment fund services." (Attached hereto as Exhibit "A.")

16.     Plaintiff is also the proprietor of the mark SMART TRUST®, U.S. Registration No. 2,967,790, which was registered in the PTO on July 12, 2005 in connection with, "Financial services, namely, commodity brokerage, estate trust management and investment brokerage services, namely creation and distribution of Municipal Bonds, Corporate Bonds, Mortgage-Backed Securities, Unit Investment Trusts, Bond Swaps, Mutual Funds, Research, Stocks, Options, IRAs, Pension and Profit Sharing Plans."  (Attached hereto as Exhibit "B.")

17.     Plaintiff is the proprietor of the mark SMARTGROWTH®, U.S. Registration No. 3,406,240, which was registered in the PTO on April 1, 2008 in connection with, "Financial investment services, namely, mutual fund investment services; financial investment in the field of securities; Investment management and consultation services; investment brokerage services, namely, creation and distribution of mutual funds."  (Attached hereto as Exhibit "C.")

18.     Plaintiff constructively began marketing the Hennion SMART funds on October 28, 1999 and began marketing, with great success, its SMARTGROWTH® brand ETF's on June 12, 2007 (constructively February 16, 2007).

19. Plaintiff has expended large sums of money and substantial resources in advertising and promoting Hennion SMART funds, and the services and goods associated therewith. Plaintiff has maintained and maintains a substantial advertising budget to accomplish Hennion SMART funds' level of popularity.  In addition, and because of the substantial popularity and good will invested in the www.hennionandwalsh.com website address where it markets its full service broker/dealer goods/services since July 2, 2002, it has been specifically marketing the Hennion SMART funds at www.smartgrowthfunds.com since June 25, 2007.

20. Plaintiff has also enjoyed substantial unsolicited publicity for its Hennion SMART funds in the industry as a result of their performance in comparison to their peers.

21. On May 31, 2006, Defendant Smart Portfolios, LLC applied to the United States Patent and Trademark Office to register its  trademark (the "SMART PORTFOLIOS LLC and Design trademark") for use in connection with, "financial services, namely, investing the funds of others, mutual fund investment and investment advisory services" with a putative date of first use of April 6, 2005.  On August 28, 2007, said application matured into a registration, U.S. Registration No. 3,286,212.

22. On or about January 10, 2008, Defendants introduced the "**Aston/Smart Allocation ETF Fund**." to Plaintiff's great damage.

23. Defendants are not entitled to use of the mark SMART to brand its ETF investment vehicles, neither by virtue of the Registration for SMART PORTFOLIOS LLC and Design, nor by any other means as such use causes confusion in the marketplace.

24. Defendants had not used "smart" alone to brand its goods or services prior to on or about January 10, 2008.

25. Actual confusion has occurred in the marketplace as to the source origin of the Aston/Smart Allocation ETF Fund whereby knowledgeable industry representatives believed that Plaintiff was its source of origin or otherwise endorsed by Plaintiff

26. Plaintiff is, and will continue to be, harmed by Defendants' infringing use of the name and mark SMART and Defendant Smart Portfolios LLC's continued registration of its Smart Portfolios LLC and Design trademark, U.S. Trademark Registration 3,286,212.

27. Because of the unique and superior rights belonging to Plaintiff, there is no remedy at law adequate to Plaintiff and injunctive relief is required.

28.     On May 29, 2008, Plaintiff demanded that Defendants cease and desist from any further use of the term SMART in connection with investment fund and advisory services.

29.     Defendants, despite Plaintiff's prior and superior rights, and Plaintiff's letter of May 29, 2008, have failed and refused to cease offering its "**Aston/Smart Allocation ETF Fund**" as such, are, at least as early as May 29, 2008, willful infringers.

## COUNT I
## COMMON LAW TRADEMARK INFRINGEMENT AND
## <u>UNFAIR COMPETITION</u>

30.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 29 of this Complaint as if set forth at length.

31.     Plaintiff owns the marks, SMARTGROWTH®, SMART TRUST® and 10K SMARTRUST, and began using those marks on June 12, 2007, September of 2003 and November 30, 2000, respectively.  Furthermore, Plaintiff has marketed the Hennion SMART TRUST® ETFS since June 1, 2007 and is known in the industry as the source of the Hennion SMART funds.

32.     The SMARTGROWTH®, SMART TRUST® and 10K SMARTRUST marks are inherently distinctive.

33.     Defendants' knowing and unauthorized use of the name SMART in connection with its investment vehicles is likely to cause, and has caused, confusion and mistake and to deceive persons as to the origin, sponsorship or approval of Defendants' goods/services.

34.     These acts by Defendants constitute trademark infringement in violation of the common law.

35.     Defendants have knowingly made representations to the public by using the name SMART, which is likely to cause confusion of the public. By engaging in the purposeful activities described above, the Defendants have made and continue to make false, misleading, and deceptive statements constituting unfair competition in violation of New Jersey common law, all of which are in derogation of Plaintiff's rights in its SMARTGROWTH®, SMART TRUST® and 10K SMARTRUST marks and the goodwill associated therewith.

36.     These acts of Defendants constitute unfair competition in violation of the common law.

37.     By virtue of these acts by the Defendants, Plaintiff has suffered, and will continue to suffer, damages and irreparable harm unless the Defendants are preliminarily and permanently enjoined by this Court from using the name and mark, SMART.

38.     Plaintiff is entitled to injunctive relief against the Defendants to restrain further acts of trademark infringement and unfair competition and to recover attorney's fees, costs and any damages proven to have been caused by Defendants' acts of trademark infringement and unfair competition, profits realized by the Defendants and punitive damages.

## COUNT II

### TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT § 32

39.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 38 of this Complaint as if set forth at length.

40.     Defendants' use of the SMART mark to promote, market, or sell its Aston/Smart Allocation ETF Fund in direct competition with Plaintiff constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

## COUNT III

### FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER THE LANHAM ACT §43(a)

41.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 40 of this Complaint as if set forth at length.

42.     As a result of Plaintiff's widespread and long-standing use of the name and marks SMARTGROWTH®, SMART TRUST® and 10KSMARTTRUST, and specifically known for its Hennion SMART funds, Plaintiff's marks have achieved substantial goodwill, recognition and reputation throughout the United States.

43.     Defendants' unauthorized use of the name "SMART" constitutes use in commerce of a word, term, name, symbol, or device or a combination thereof, constituting a false designation of origin, a false and misleading deception, and a false and misleading representation that is likely to cause confusion, mistake, or deception as to the affiliation, connection or association of Defendants, and further is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval by Plaintiff of Defendants' use of the name

and their web sites. These acts by the Defendants constitute a violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44. Defendants knowingly and willfully used the name SMART, despite its knowledge that Plaintiff owns and thereby controls the lawful use of SMARTGROWTH®, SMART TRUST® and 10KSMARTTRUST.

45. Defendants have solicited business using the name SMART thereby taking unauthorized advantage of the goodwill of the SMARTGROWTH®, SMART TRUST® and 10KSMARTTRUST marks.

46. Plaintiff is and will continue to be damaged by defendant's unauthorized use, which injury consists of, without limitation, monetary loss and erosion of the distinctiveness and goodwill that adheres in its SMARTGROWTH®, SMART TRUST® and 10K SMARTRUST marks.

## COUNT IV

### FEDERAL DILUTION
### UNDER THE LANHAM ACT §43(c)

47. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 46 of this Complaint as if set forth fully at length.

48. Plaintiff owns the marks SMARTGROWTH®, SMARTTRUST and 10KSMARTRUST and is known in the industry as the source of the Hennion SMART funds.

49. The Defendants are using a derivative mark in interstate commerce.

50. Defendants began their use after the Hennion SMARTGROWTH®, SMARTTRUST and 10KSMARTRUST marks had become famous and had developed their reputation and goodwill.

51. Defendants' use of the mark is diluting it by lessening the ability of people to associate the mark with its true owner.

52. Defendants' conduct constitutes dilution in violation of § 43(c) of the Lanham Act, 15 U.S.C. §§ 1125(c) and 1127.

53. Plaintiff is, and will continue to be, irreparably damaged by the dilution of its mark and is without an adequate remedy at law.

## COUNT V

## **CANCELLATION OF U.S. REGISTRATION NO. 3,286,212**

54. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 53 of this Complaint as if set forth at length.

55. By reason of the foregoing, if Defendant Smart Portfolios LLC's U.S. Registration No. 3,286,212 for  were to remain on the register, it would constitute *prima facie* evidence of Defendants' exclusive right to use the term SMART PORTFOLIOS LLC, a right to which Defendant is not entitled, and the registration would interfere with and deprive Plaintiff of the liberty to use its SMARTGROWTH®, SMARTTRUST and 10KSMARTTRUST or similar terms in connection with its goods and services, and Plaintiff will be irreparably harmed thereby.

56. Plaintiff has been and is likely to be damaged by Defendant's continued registration of U.S. Trademark Registration No. 3,286,212 in that Plaintiff was the senior user of such mark.

## COUNT VI
## **CONSUMER FRAUD**

57. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 56 of this Complaint as if set forth at length.

58. Defendants' aforesaid acts constitute the employment of an unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation or the knowing concealment, suppression or omission of a material fact with an intent that others will rely upon such concealment, suppression or omission, in connection with the sale or advertisement of merchandise, in violation of N.J.S.A. §§ 56:8-2.

59. Plaintiff has no adequate remedy at law.  Defendants' conduct has caused, and if not enjoined, will continue to cause irreparable damage to Plaintiff's trademark rights, reputation and good will in a manner that cannot be adequately calculated or compensated in money damages only.

WHEREFORE, Plaintiff requests that this Court grant the following relief:

1. Enter such preliminary injunctive relief as is necessary to avoid irreparable harm to Plaintiff pending trial;

2. Find that, by using the name SMART in describing its ETF and financial services offerings, the Defendants have engaged in trademark infringement, unfair competition, unfair trade practices and dilution in violation of §§32, 43(a), (c) of the Lanham Act, 15 U.S.C. § 1125(a), (c) and the New Jersey Statutes and Code of Laws, Title 56, Chapter 4 §56.4-(1-2);

3. Order the Defendants to pay Plaintiff the damages it has sustained as the result of such trademark infringement and unfair competition, to account for all gains, profits and advantages derived by it from such conduct and to pay punitive damages for their willful misconduct;

4. Issue a permanent injunction enjoining Defendants, their agents, servants, employees, representatives and assigns, and all persons acting in concert or participation with them from directly or indirectly using the name SMART in describing its investment vehicles;

5. In conjunction with, and in furtherance of the foregoing injunctive relief, order the Defendants to take all steps necessary to remove the name SMART from its ETF investment vehicle, including but not limited to, filing with the Securities and Exchange Commission, any brochures, advertisements, or any other materials to be printed or distributed (including internet distribution) by the Defendants on their behalf after the date hereof;

6. Award Plaintiff its costs, interest and reasonable attorney's fees for prosecution of this action;

7. Cancellation of Defendant Smart Portfolios LLC's  trademark Registration, U.S. Registration No. 3,286,212, pursuant to 15 U.S.C §1119;

8. An award to Plaintiff of Exemplary and/or Treble damages; and

9. Such other and further relief as the Court deems just and proper.

Dated: August 20, 2008
Mountain Lakes, New Jersey

                                    Respectfully submitted,

                                    *Christopher J. McHattie /s/*
                                    CHRISTOPHER J. M<sup>C</sup>HATTIE, ESQ. (CM-8632)
                                    161 Boulevard
                                    Mountain Lakes, New Jersey, 07046
                                    Attorney for Plaintiff
                                    973-492-5500